CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

AUG 20 2009

JOHN F. CORCORAN, CLERK
BY: /s/ Bright
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JACKLYN SARA THOMAS, | ) | Civil Action No. 7:09CV00354 |
|     Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | |
| JOHN FINNERAN, JR., et al., | ) | By: Samuel G. Wilson |
|     Defendants. | ) | United States District Judge |

This is an action by Plaintiff Jacklyn Sara Thomas under the Fair Debt Collection Practices Act, Pub. L. No. 95-109, 91 Stat. 874 (1977) (codified as amended at 15 U.S.C. §§1692-1692o (2000)) ("FDCPA") against Defendants Rick D. Fairbank, the President, Chairman, and Chief Executive Officer of Capital One Financial Corporation; John Finneran, Jr., its General Counsel and Corporate Secretary; and *all* "Jane/John Doe Owners/Co-Owners" of that corporation and of Global Credit and Collection Corporation. The matter is currently before the Court on Thomas's motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The Court grants Thomas's application to proceed without prepayment of fees, but dismisses her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) because she has not stated a claim upon which relief may be granted as to the officers and owners of the two corporations.

I.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) a court shall "any time" dismiss an in forma pauperis complaint if it "fails to state a claim upon which relief may be granted." "Factual allegations must be enough to raise a right to relief above the speculative level;" the complaint must have "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice' to plead a claim." Walker v.

Prince George's County, No. 08-1462 (4th Cir. July 30, 2009) (O'Connor, J.) (quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)) (concluding that plaintiff failed to adequately plead a Monell claim because it was "[c]ritically lacking . . . any support for the proposition that [the officer's] common practice implemented an official government policy or custom.") (internal quotations omitted). Therefore, the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Id.

Officers are not liable under the FDCPA solely by virtue of the offices that they hold and stockholders are not liable solely by virtue of the fact that they are stockholders. If Thomas has a claim under the FDCPA, that claim is against the two corporations and any individual employee who qualifies as a "debt collector" under 15 U.S.C. § 1692a(6).[1] See Pettit v. Retrieval Masters Creditors Bureau, Inc., 211 F.3d 1057, 1059 (7th Cir. 2000) (holding that corporate officers and shareholders "do not become debt collectors simply by working for or owning stock in debt collection companies"); Kistner v. Law Offices of Michael P. Margelefsky, LLC, 518 F.3d 433, 436 (6th Cir. 2008) (noting the circuit split on the standard for liability of corporate shareholders and officers under the FDCPA); West v. Costen, 558 F.Supp. 564, 573 (W.D. Va. 1983) (finding that a corporation can be liable for the FDCPA violations of its agents and that an individual who

---

[1] "The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts . . . due another . . . [T]he term includes any creditor who, in the process of collecting his own debts, uses any name other than his own . . . . The term does not include –
(A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor . . .
(F) any person collecting . . . (iv) . . . a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor." 15 U.S.C. § 1692(a)(6).

2

serves as the corporation's president and dominant shareholder can be held individually liable for the corporation's FDCPA violations only if the court pierces the corporate veil).

Here, Thomas's alleges that the two named officers and the companies' "owners" "are liable for the acts of their agents, especially when their agents perform according to policy and procedure authorized by the governing bodies."[2] (Compl. ¶ 17.) However, critically lacking from Thomas's complaint is any specific factual support for the allegation that the corporations' officers or stockholders themselves engaged in activities that would qualify them as debt collectors under the FDCPA. In short, her factual allegations are not enough to raise her claim to relief "above the speculative level" or to state a claim against the individual defendants "that is plausible on its face." Accordingly, the court will dismiss Thomas's complaint because it fails to state a claim upon which relief may be granted against the officers and stockholders of the corporation.

## II.

For the reasons stated, the court dismisses Thomas's complaint without prejudice.

**ENTER:** This 20th day of August, 2009.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Thomas also alleges that "Global and Capital One are negligent in the retention and supervision of their employees" (Compl. ¶ 17), but she has not named Global and Capital One as defendants.

3